IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AIK CHEONG NEO, an individual d/b/a PO LO
KU TRADING, and KAI CHANG HO, an individual,

    Plaintiffs,

  v.

MARINA BROTHERS, INC., a California corporation
d/b/a MARINA FOOD #5, WELCOME MARKET,
INC., a California corporation d/b/a 99 RANCH
MARKET, T.L. LONGCHAMP CORPORATION, a
California corporation d/b/a LION FOOD CENTER,
WING WA, INC., a California corporation d/b/a WING
WA SUPERMARKET, NGU HANH SON, INC., a
California corporation d/b/a CHO SENTER MARKET,
ROYAL CAPITAL GROUP, LLC, d/b/a NEW ASIA
SUPERMARKET, LINCHANG LIU and YI-HUI LIU,
individuals d/b/a EIGHT-WAY VEGE, HAWAII
SUPERMARKET, MY THUAN, INC., a California
corporation d/b/a MY THUAN SUPERMARKET,
DONG PHUONG INC., A California corporation d/b/a
ABC SUPERMARKET, SAIGON CITY
INVESTMENT, INC., a California corporation d/b/a
SAIGON CITY MARKETPLACE, CHUNG WORLD
CORPORATION, a California corporation e/g/a
QUANG MINH SUPERMARKET, HOA BINH
GARDEN GROVE SUPERMARKET, INC., A
California corporation, KAM LEE YUEN TRADING
CO., INC., a California corporation, SUNNY GOLD,
INC., a New York corporation, PO LO KU TRADING
INC., a New York corporation, and JOHN DOES 1–20,

    Defendants.
                                              /

No. C 09-00739 WHA

**ORDER GRANTING
DEFENDANTS'
MOTION TO
DISMISS**

**INTRODUCTION**

This is a motion to dismiss the copyright infringement claim contained in plaintiffs' first amended complaint. For the following reasons, this motion is **GRANTED**.

**STATEMENT**

Plaintiff Aik Cheong Neo is a citizen of Singapore. He is the owner of "a valid registered U.S. trademark 'Generation II' and Chinese characters associated with the same." In addition, he alleges to be "the holder of common law trademark rights and the copyrights in [a] photograph of vegetables." By admission, Neo has neither registered this "copyright" in the United States nor obtained a copyright through legal channels abroad. Neo alleges to have continuously used the Generation II mark along with a photograph which features "carrots, mushrooms, and various other vegetables" since September 14, 2005. This continuous use purportedly created goodwill and packaging recognition, forming a copyright by common law.

Neo alleges that defendants Sunny Gold Inc., and Po Lo Ku Trading, Inc., infringed on his "copyrighted photograph" by "advertising, marketing, offering, selling and/or distributing counterfeit mushroom reasoning [sic] in packages substantially identical to NEO's in interstate commerce." To redress this alleged activity, Neo now seeks damages and injunctive relief.

Defendants did not appear at the August 6, 2009, hearing to support their own motion to dismiss, nor did they file a reply brief in response to plaintiffs' opposition.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Material factual allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party, but courts are not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. In order to defeat a Rule 12(b)(6) motion to dismiss, a claim must be factually supported and plausible on its face — conclusory legal allegations and speculative inferences do not suffice. *Ibid.*

Neo alleges that his "copyright" was infringed both under statutory and common law. In order to state a claim for copyright infringement under the Copyright Act, 17 U.S.C. 501(b), a plaintiff must allege ownership of a valid copyright in and infringement of protected

2

material. *Triad Sys. Corp. v. Southeastern Express Co.*, 64 F.3d 1330, 1335 (9th Cir. 1995). Copyright registration is prima facie evidence of ownership. *Johnson Controls, Inc. v. Phoenix Control Systems, Inc.*, 886 F.2d 1183, 1175 (9th Cir. 1989). Neo does not contend to have registered his "copyright." Further, Neo concedes that he has no United States copyright. In fact, Neo does not allege that he has a copyright in any other country — his complaint rests on the unsupported, conclusory allegation that he is a copyright "holder."

Similarly, Neo did not allege or show how he had a common law copyright. Neo failed to mention his common law copyright claim in his briefing and did not raise it at the hearing but, instead, elected to rest on the filings.

Neo used the bulk of his opposition to address what is not at stake in this case and neglected to point out the source of his rights and the nature of his claim. He does not demonstrate which statutory provision would allow him to bring a copyright infringement claim in federal court where he admittedly has no registered United States copyright. He likewise makes no argument whatsoever for invoking the common law copyright doctrine. Instead, Neo relies on the minimally bald assertions that he actually holds a copyright of some kind. Neo mentions that he owns a copyright, that his original photograph is "copyrighted material," and that his "copyright" was infringed. Neo refers to his photograph as "copyrighted material," but does not explain when, how, or by what authority. The current state of Neo's complaint would not even permit an investigation of the second element of a copyright infringement claim.

**CONCLUSION**

Neo must properly allege that he is the legal or beneficial owner of an exclusive right under a copyright in order to be entitled to institute an action for infringement thereof under Section 501(b) of the Copyright Act. If he wishes to bring a claim of common law copyright infringement, he must so plead. In short, Neo must provide some credible factual and legal support for his allegation that he owns a *copyright* to sustain an action for *copyright infringement*.

3

1   For the foregoing reasons, defendants' motion is **GRANTED**.*

3   **IT IS SO ORDERED.**

5   Dated: August 7, 2009.

                                        WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

---

\* Neo does not oppose defendants' motion to strike statutory damages and attorney's fees relating to his copyright infringement claim. This order therefore strikes Neo's motion for attorney's fees and statutory damages pursuant to Sections 504 and 505 of the Copyright Act.

4